**Larry SMITH, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Jan. 19, 1973.

A. Douglas Reece, Manchester, for appellant.

Ed W. Hancock, Atty. Gen., Carl Miller, Asst. Atty. Gen., Frankfort, for appellee.

MILLIKEN, Justice.

This is an appeal from a judgment of conviction for feloniously and intentionally breaking into the trailer of Morris Rawlings with intent to steal therefrom in violation of KRS 433.190, which conviction resulted in a sentence of two years in the penitentiary.

The sole issue raised on the appeal is the adequacy of the evidence to sustain the conviction, the appellant contending that he was entitled to a directed verdict acquitting him of the charge. A summary of the testimony for the prosecution is as follows: Morris Rawlings was awakened sometime after one A.M. got up and noticed that two rifles were missing from his livingroom and saw two persons outside his trailer, one getting into a white Chevrolet and the other approaching it. He could not recognize the men in the darkness, but the next day saw a white Chevrolet in town with the appellant in it, informed the police and swore out a warrant of arrest for him.

Rawlings testified that Smith asked him at the jail a couple of days later whether he would drop the charges if the guns were returned and he agreed to drop them. The guns later were returned by Ted Jones, a witness for the prosecution, who testified he found a note in his car telling him where the guns were and directing him to take them to Morris Rawlings. Jones could not identify the writer of the note from the handwriting. Apparently, neither Rawlings nor Jones enjoyed testifying for the prosecution. The sole testimony for the defense was the testimony of the appellant that he was at a dance that night.

The jury was entitled to accept the testimony of Rawlings and Jones connecting Smith with the charge against him. When the evidence, even though circumstantial, affords fair and reasonable ground upon which the verdict of a jury might be rested, the case should go to the jury. Ranzy Moore v. Commonwealth, Ky., 446 S.W.2d 271 at page 273 (1969); Cissell v. Commonwealth, Ky., 419 S.W.2d 555 (1967).

The judgment is affirmed.

All concur.